UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERNARD GRIGGS<br><br>　　Plaintiff,<br><br>v.<br><br>HIKARI BOTANICAL &<br>HERB, LLC, ALICIA LOUIS, and<br>TAYON LOUIS<br><br>　　Defendants.<br>_____ | CIVIL ACTION FILE NO.<br>___1:21-CV-3942 AT_____ |

## COMPLAINT

Plaintiff Bernard Griggs files his Complaint against Defendants Hikari Botanical & Herb LLC (d/b/a Hikari Botanical Cafe), Alicia Louis, and Tayon Louis.

### NATURE OF THE ACTION

1.

This is an action for failure to pay minimum wage and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), breach of contract under Georgia law, and attorney's fees under O.C.G.A. § 13-6-11.

## PARTIES

2.

Plaintiff Bernard Griggs is a citizen and resident of Cobb County, Georgia.

3.

Defendant Hikari Botanical Café is a corporation organized under the laws of Georgia, with its principal office address at: 130 Belaire Cir., Fairburn, Georgia, 30213. It operates a restaurant at: 216 NW Broad Street. Suite B, Fairburn, Georgia, 30213, which is in Fulton County. It can be served with summons and complaint upon its Registered Agent, Alicia Michele Louis, at 130 Belaire Cir., Fairburn, GA, 30213.

4.

Defendant Alice Louis is a resident of Fulton County in the state of Georgia and can be serve with summons and complaint at either: 130 Belaire Cir., Fairburn, Georgia, 30213 or 216 NW Broad Street. Suite B, Fairburn, Georgia, 30213.

5.

Defendant Tayon Louis is a resident of Fulton County in the state of Georgia and can be serve with summons and complaint at either: 130 Belaire Cir., Fairburn, Georgia, 30213 or 216 NW Broad Street. Suite B, Fairburn, Georgia, 30213.

**JURISDICTION AND VENUE**

6.

The claims brought in this lawsuit present federal questions and jurisdiction in this Court is proper under 28 U.S.C. §§'s 1331 and 1337, and 29 U.S.C. § 216.

7.

Venue of this suit is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391 and 29 U.S.C. § 216. All Defendants reside and operate their business in this judicial district and division. In addition, the alleged unlawful acts against Plaintiff occurred in this judicial district and division.

## FACTUAL ALLEGATIONS

8.

Defendants hired Plaintiff on July 5, 2021 as a kitchen manager.

9.

Defendant Alicia Louis agreed to pay Plaintiff a flat rate of $900 per week.

10.

Defendant Alicia Louis told Plaintiff that her accountant would pay him by check every other Tuesday.

11.

On his first day of work on Monday, July 5, 2021, Defendant Alicia Louis directed Plaintiff to fill out an I-9 and told him she would have him fill out his W-2 later.

12.

After Plaintiff was fired, Defendant Alicia Louis told him he was a 1099 independent contractor and that he could not collect unemployment.

13.

Defendants had complete control over the hours that Plaintiff would work. They would tell him when to report for his shifts and when he could leave.

14.

Defendants also provided him with his work assignments and controlled and supervised his work.

15.

From Monday to Wednesday, Plaintiff would work from 7:00 to 7:15 a.m. until 8:00 to 8:30 p.m.

16.

From Thursday to Saturday, Plaintiff worked from 7:00 to 7:15 a.m. until 9:30 or 10:00 p.m.

17.

Plaintiff almost always worked through lunch and dinner because the restaurant was so busy he was unable to take a break.

.

18.

On July 9, 2021, Plaintiff stepped on a bolt that was on the floor of the workplace. It pierced through his shoe and into his foot.

19.

Even so, Defendant Alicia Louis did not want Plaintiff to leave work.

20.

Plaintiff finished his shift for that day despite his injury.

21.

Defendant Alicia Louis told him that if he did not report for work the next day, she would have to let him go.

22.

Despite his injury, Plaintiff worked that next day, Saturday, July 10, 2021.

23.

On Monday, July 12, 2021, Plaintiff's wife had a medical procedure performed on her at a hospital.

24.

Because she was sedated for the procedure, she was unable to drive. The hospital refused to release her unless a family member was there to drive her home.

25.

Plaintiff informed Defendant Alicia Louis that he was the only person who could pick up his wife.

26.

Defendant Alicia Louis told Plaintiff that he could not leave work and asked him if he could not "just call her an Uber or a Lyft?"

27.

Plaintiff informed her that the hospital would not release his wife to an Uber of Lyft driver and that he was the only family member who lived nearby enough to pick her up from the hospital.

28.

Plaintiff left work and picked his wife up from the hospital to drive her home.

29.

Defendant Alicia Louis became angry that Plaintiff had to leave work to pick up his wife.

30.

On July 12, 2021, she sent Plaintiff a text that read in part: "I'm doing way too much work to pay you what we agreed… FYI I don't do games and lies…"

31.

During the time that Plaintiff was working, Defendant Alicia Louis bragged that they did not have to pay unemployment taxes or "any of that stuff."

32.

On July 27, 2021, Plaintiff went to collect his check for the hours he had worked.

33.

Defendants refused to pay him at all.

8

34.

Defendants Alicia Louis and Tayon Louis also threatened to have him arrested for criminal trespass.

35.

When Plaintiff argued with Defendant that he was due the money she agreed to pay him, Defendant Alicia Louis replied that: "We don't have your money, you will have to sue to get it."

## COUNT ONE
## FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

36.

Plaintiff was an employee within the meaning of the FLSA because Defendant engaged him to work as an employee at a flat rate of $900 per week.

37.

Defendant Hikari Botanical Cafe is an employer within the meaning of the FLSA because it engages in interstate commerce.

38.

Defendant Alicia Louis is an employer within the meaning of the FLSA because she is an owner and exercises control and authority over significant aspects of the company's day-to-day functions, including compensation of employees. She helped decide the rate of pay and whether to pay Plaintiff overtime. She had the authority to hire and fire Plaintiff.

39.

Defendant Tayon Louis is an employer within the meaning of the FLSA. because he is an owner and exercises control and authority over significant aspects of the company's day-to-day functions, including compensation of employees. He also barred Plaintiff from the premises with a trespass warning.

40.

By failing to pay Plaintiff at all, Defendants failed to pay Plaintiff the minimum wage required by the FLSA.

41.

Defendants knew or should have known that such actions violate the FLSA, and they have not made a good faith effort to comply with the FLSA.

42.

Defendants knew or should have known that Plaintiff was not exempt from the minimum wage requirements of the FLSA, and they have not made a good faith effort to comply with the FLSA.

43.

Defendants knowingly, willfully, and/or with reckless disregard, failed to pay Plaintiff minimum wage.

44.

As a result of Defendants' unlawful acts, Plaintiff is entitled to recover the relief requested below.

## COUNT TWO
## FAILURE TO PAY OVERTIME UNDER THE FLSA

45.

Plaintiff worked over forty hours per week during his first week of employment.

46.

Defendants violated the FLSA by failing to pay Plaintiff overtime for all hours worked above forty hours in a week.

47.

Defendants knew or should have known that such actions violate the FLSA, and they have not made a good faith effort to comply with the FLSA.

48.

Defendants knew or should have known that Plaintiff was not exempt from the overtime requirements of the FLSA, and they have not made a good faith effort to comply with the FLSA.

49.

Defendants knowingly, willfully, and/or with reckless disregard, failed to pay Plaintiff his overtime wages for his first week of employment.

50.

As a result of Defendants' unlawful acts, Plaintiff is entitled to recover the relief requested below.

## COUNT THREE
## BREACH OF CONTRACT

51.

Defendants entered into a verbal contract with Plaintiff to pay him nine hundred dollars a week as a flat rate.

52.

Defendants failed to pay Plaintiff nine hundred dollars for the two weeks that he worked.

53.

As a result of Defendants' unlawful acts, Plaintiff is entitled to recover the relief requested below.

## COUNT FOUR
## ATTORNEY'S FEES UNDER O.C.G.A. § 13-6-11

54.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth in this Paragraph.

55.

Plaintiff made a demand to be paid for the time he worked. Defendants refused to pay him.

56.

Plaintiff's counsel made a demand to Defendants, which Ms. Louis refused without even making a counter-offer.

57.

Instead, Defendant Alicia Louis stated that she had paid Plaintiff two cash payments. When she made that statement, she knew it was false.

58.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

59.

As a result of Defendants' acts, Plaintiff is entitled to recover the relief requested below.

WHEREFORE, Plaintiff prays:

a. That Summons issue requiring Defendants to answer the Complaint within the time provided by law;

b. That Plaintiff be awarded declaratory judgment that Defendants violated the FLSA;

c. That Plaintiff recover from Defendants his wages and unpaid overtime;

d. That Plaintiff recover liquidated damages against Defendants;

e. That Plaintiff recover attorney's fees and costs of litigation under the FLSA, other applicable federal law, and O.C.G.A. § 13-6-11;

f.	That the Court award Plaintiff any other or further relief as it deems necessary and proper, or equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted this 24th day of September, 2021.

T. Robert Reid, LLC

s/ Tilden Robert Reid, II
T. Robert Reid
Ga. Bar No. 600138

1030 Woodstock Road
Suite 3112
Roswell, Georgia  30075
Telephone (678) 743-1064
Facsimile (404) 549-4136
robreidattorney@gmail.com

Attorney for Plaintiff